## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**DANIELLE STEPHENS,**

      **Plaintiff,**

**v.**                                                      **Case No. 22-cv-242-JFH-JFJ**

**MIDFIRST BANK et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Motion for Default Judgment filed by Plaintiff Danielle Stephens ("Plaintiff"). Dkt. No. 12. Plaintiff, proceeding pro se, initiated this action by filing a civil complaint on June 3, 2022. Dkt. No. 1. Summons were returned executed for Defendants City of Tulsa and Midfirst Bank ("Defendants") on June 6, 2022. Dkt. No. 3; Dkt. No. 4. Defendants filed motions to dismiss the complaint for failure to state a claim on June 23, 2022 and June 24, 2022 respectively. Dkt. No. 6; Dkt. No. 9.

Plaintiff now moves for default judgment against Defendants, asserting that they have failed to answer or otherwise respond to the complaint. Dkt. No. 13. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may respond to a complaint by asserting the defense of failure to state a claim in a motion, as Defendants did in this case. Fed. R. Civ. P. 12(b)(6). Such motions obviate the need for a responsive pleading such as an answer. *Id.* The Court also notes that Plaintiff's motion for default judgment does not comply with Federal Rule of Civil Procedure 55(a) or Local Rule 55(a), which require that the Court Clerk enter an Entry of Default before default judgment can be granted.

Because Defendants filed motions to dismiss in accord with Rule 12(b)(6) and Plaintiff's motion for default judgment does not comply with the applicable procedural rules, the motion [Dkt. No. 12] is DENIED.

IT IS SO ORDERED this 28th day of July 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE