IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIELLE STEPHENS,** | |
| **Plaintiff,** | |
| v. | Case No. 22-CV-242-JFH-JFJ |
| **MIDFIRST BANK dba MIDLAND MORTGAGE and CITY OF TULSA,** | |
| **Defendants.** | |

## OPINION AND ORDER

This case comes before the Court *sua sponte*. Plaintiff Danielle Stephens ("Stephens") filed her complaint in June 2022. Dkt. No. 1. The same month, Defendants MidFirst Bank dba Midland Mortgage ("MidFirst") and City of Tulsa ("City") both filed motions to dismiss for failure to state a claim. Dkt. No. 6; Dkt. No. 9. Stephens never filed a response to either motion.[1] Instead, in July 2022, Stephens filed a motion for default judgment, which the Court denied in part because of the pending dismissal motions. Dkt. No. 12; Dkt. No. 23. Stephens filed two letters in September and October 2022 claiming that she "is not a U.S. Citizen Nunc Pro Tunc." Dkt. No. 14; Dkt. No. 15. Stephens has not filed anything in the case since October 17, 2022.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Stanley v. Cont'l Oil Co.*, 536 F.2d 914, 917 (10th Cir. 1976). "There is no precise rule as to what circumstances justify a dismissal for failure to prosecute. Instead, the procedural history

---

[1] Pursuant to the Court's Local Rules, Stephens' responses were due within twenty-one (21) days from the dates the dismissal motions were filed. *See* LCvR7-1(e).

of each case must be examined to make such a determination." *S.E.C. v. Power Res. Corp.*, 495 F.2d 297, 298 (10th Cir. 1974) (affirming dismissal where case languished unprosecuted for three years). Dismissal without prejudice may be entered without following particular procedures. *Id. Cf. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) (discussing dismissal under Federal Rule of Civil Procedure 41(b)).

Here, Stephens' inaction for almost two years—including but not limited to failing to file responses to the Defendants' motions to dismiss—demonstrates lack of prosecution and abandonment of her case. Because the Court will dismiss for lack of prosecution, both dismissal motions are moot. *See Scott v. Lengerich*, No. 20-CV-03534-RMR-NYW, 2021 WL 11684174, at *1 (D. Colo. Nov. 16, 2021).

IT IS THEREFORE ORDERED that Stephens' case is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

IT IS FURTHER ORDERED that the City's motion to dismiss [Dkt. No. 6] and MidFirst's motion to dismiss [Dkt. No. 9] are DENIED AS MOOT.

Dated this 9th day of May 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE